Gabrielli, J.
(dissenting). I dissent, and vote to reverse the order of the Appellate Division and answer the certified question in the negative.
It was error for the trial court to permit plaintiff’s "expert” to testify that Officer Donley’s conduct was improper, under either version of the evidence. The expert was improperly permitted to invade the province of the jury and, in effect, conclude that there was negligence when a jury of average intelligence could properly form its own conclusion upon all the evidence.
Expert testimony is permissible where "the conclusions to be drawn from the facts stated * * * depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence” (Dougherty v Milliken, 163 NY 527, 533). The action of the police officer and the placement of his car involved simple matters concerning the operation and parking of one’s car. Members of the jury, as persons of at least average intelligence, are familiar not only with the everyday rules of the road but with the dangers of automobiles operated at high speed. The reasonableness of the officer’s placement of his vehicle under these circumstances did not require resort to that special knowledge of men whose background and expertise permits them to speak with authority (Dougherty v Milliken, supra). While the expert may have had experience in such matters, this fact does not establish the inability or incompetence of the jurors to comprehend the issues, draw a conclusion as to the reasonableness of the action, and to determine fault (or lack thereof) based upon a *104 court’s instructions concerning the applicable statutes (Kulak v Nationwide Ins. Co., 40 NY2d 140, 148). With the facts before the jury they were entirely competent to form a conclusion. In this case it was for the jury to assess and determine all the facts and, after applying the law to the found facts, to then reach a conclusion as to fault just as in any other simple negligence case. These are assessments to be made by the jury and, as this court stated in Kulak (40 NY2d 140, 148, supra), "[sjince those assessments did not 'depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence’, there was no occasion to resort to 'the knowledge of men whose experience or study enables them to speak with authority’ [citations omitted]”. Since it is impossible to determine whether the jury based its verdict on the conclusion of the expert, the order should be reversed and a new trial ordered.
Chief Judge Breitel and Judges Jasen, Jones, Fuchsberg and Cooke concur with Judge Wachtler; Judge Gabrielli dissents and votes to reverse, in a separate opinion.
Order affirmed, with costs. Question certified answered in the affirmative.